The following constitutes
the order of the court. Signed May 11, 2012

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re Larry Keith Leonard,
    Kimberlee Tylar Leonard,

              Debtors.

Case No. 11-72978
Chapter 7

MEMORANDUM OF DECISION RE TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

    This matter came for hearing on March 14, 2012 on the Trustee's Objection to Debtors' Claim of Exemption. The Trustee objected to the Debtors' claim of exemption with respect to an interest in what is described as an "annuity" (the "Annuity") payable from Metropolitan Life Insurance Company in the approximate amount of $15,250, on two bases: (a) that the Debtors had impermissibly modified the basis for their claims of exemption from those assertable under Section 704.010 of the California Code of Civil Procedure ("CCP") to those assertable under CCP Section 703.140 et seq., and (b) that the exemption which the Debtors purported to utilize, CCP Section 703.140(b)(10)(E), is inapplicable to exempt an interest in the Annuity. At the

conclusion of the hearing, the Court took the matter under submission to consider the arguments of counsel and the relevant authorities.  After due consideration, the Court sustains the Trustee's Objection, for the reasons set forth below.

As background, the Debtors filed for relief under chapter 7 of the United States Bankruptcy Code on December 13, 2011.  Concurrent with the filing of the case, Debtors filed their Schedules of Assets and Liabilities, including Schedule "B", which lists interests in personal property, and Schedule "C", which lists property which the Debtors claim as exempt.  Neither Schedule "B" nor Schedule "C" as originally filed, included any reference to the Annuity.

The existence of the Annuity came to light during the First Meeting of Creditors in this case, held on January 13, 2012.  Upon learning of the Annuity, the Trustee's counsel took steps to claim the asset for the estate.  Debtors' counsel, on the other hand, filed an Amended Schedule "B", which listed the Annuity under subpart "10" ("Annuities"), and an amended Schedule "C", which listed the Annuity as exempt under CCP Section 703.140(b)(10)(E).  Trustee then filed this Objection.

The Trustee first asserts that having initially chosen to claim the exemptions available to debtors under CCP Section 704.010 et seq. (the so-called "State Scheme"), the Debtors should be precluded from modifying their exemption requests to claim those available under CCP Section 703.140 et seq. (the so-called "Opt-Out Scheme"), on the theory that the initial claim of exemptions constituted an "election of remedies."  This Court does not agree.

Initially, courts in the Ninth Circuit recognize a liberal right to amend claims of exemption. *See In re Michael,* 163 F.3d 526, 529 (9th Cir. 1998)(citation omitted). Although the Trustee concedes this general doctrinal point, the trustee argues that the result should be different where debtors do not merely amend their exemption claims within the same general format, but purport to switch the schemes under which they claim exemptions, citing *In re Reaves,* 285 F.3d 1152, 1157 (9th Cir. 2002). The Court does not find *Reaves* apposite.

In *Reaves,* the Ninth Circuit upheld a debtor's claim of exemption over a creditor's objection that, by having chosen to invoke the California state law exemptions pre-petition (which were, obviously, the only exemptions available to her at the time) the debtor had effectively "elected her remedies" and could not chose the "Opt-Out Scheme" of exemptions post-petition. The Ninth Circuit ruled that the election of remedies doctrine did not pertain to the facts presented because the debtor had not chosen between two conflicting and equally-available means of exempting assets; rather, she had chosen an alternative scheme of exemptions that became available to her *only after she filed bankruptcy.*

While the Court understands the Trustee's desire to extrapolate from the holding in *Reaves* a corollary proposition that a debtor, having chosen, post-petition, one scheme of exemptions, should be precluded from making a wholesale "switch," this Court will nonetheless resist the urge to expand the holding in *Reaves*, especially in light of the general doctrine of liberal amendment of exemptions. The Court is convinced that such restraint is appropriate particularly where, as here, it appears that the

initial "election" of an exemption scheme was based upon a genuine misunderstanding concerning the nature of the Debtors' assets, and not any sort of dilatory behavior or attempts to "hide the ball."

With respect to the second issue, however, the Court has determined that the Annuity does not qualify for exemption under CCP Section 703.140(b)(10)(E).

The language of CCP Section 703.140(b)(10)(E) exempts the debtor's right to receive "[a] payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

As background, the Annuity was taken out by Mary Scott, Ms. Leonard's mother, and the Debtors have been receiving payments as an inheritance under the Annuity since 2000, after Ms. Scott's death in late September 1999. Schedule "I" indicates that Mr. Leonard is a self-employed contractor, and does not indicate a profession for Mrs. Leonard. Nothing in the Schedules or Statement of Financial Affairs indicates that either Debtor is retired, or is of an age when one might expect to retire from employment.

The literal language of CCP Section 703.140(b)(10)(E) would appear to cover the Annuity, at least in large part. There is no disagreement that the asset is an annuity, or that it is payable "on account of death." And the Debtors have stated that the income from the Annuity is necessary for their support.

The Trustee argues that the fact that the Annuity is in effect an inheritance from a third party automatically disqualifies the asset from exemption under CCP Section 703.140(b)(10)(E), citing

the case *In re Greenfield*, 289 B.R. 146 (Bankr. S.D. Cal. 2003). This Court does not agree that the mere fact that the Annuity payments result from an inheritance automatically disqualifies it from exemption.

However, the Court agrees with that portion of the opinion in *Greenfield* that focuses on the *purpose* of an IRA, stock bonus, pension, profit sharing plan and annuity, and the reasoning behind exempting those assets, i.e., that they are "aimed to enable working taxpayers to accumulate assets during their productive years so they might draw upon them during retirement." *Id*. at 149-150 (citations omitted); see also, *In re McKown*, 203 F.3d 1188, 1190 (9th Cir. 2000). There is simply no evidence to support the proposition that either of these Debtors is currently eligible for retirement, or that this asset, on account of which these Debtors have been receiving monthly payments for the past twelve years, represents an accumulation of assets intended to support their retirement within the meaning of CCP Section 703.140(b)(10)(E), as set forth in *Greenfield*.

Accordingly, the Trustee's Objection to Exemption is sustained with respect to the Annuity. Counsel for the Trustee is hereby instructed to submit a proposed form of order in accordance with this decision.

**END OF DOCUMENT**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Larry Keith Leonard |
| | Kimberlee Tylar Leonard |
| 3 | 7024 Newport Ct. |
| | Dublin, CA 94568 |
| 4 | |
| | Brian Hufford |
| 5 | Law Offices of Brian Hufford |
| | 5870 Stoneridge Mall Rd. #205 |
| 6 | Pleasanton, CA 94588 |
| 7 | Gregg S. Kleiner |
| | McKenna Long and Aldridge LLP |
| 8 | 121 Spear St. #200 |
| | San Francisco, CA 94105 |